| | | |
|---|---|---|
| **PERSONAL TOUCH PROPERTY GROUP, LLC** | * | **NO. 2024-C-0023** |
| | * | |
| **VERSUS** | * | **COURT OF APPEAL** |
| | * | |
| **GILDA MARIE JONES, GLENDA JONES GRIFFITH, JOSEPH LEO JONES, III, LYNELLE JONES, THE UNOPENED SUCCESSION OF LOLITA DOUGLAS JONES, AND THE UNOPENED SUCCESSION OF LYSTRA JONES** | **FOURTH CIRCUIT** |
| | * | |
| | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-05814, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)

Jonah Freedman
JONAH FREEDMAN LAW, LLC
700 Camp Street, Suite 316
New Orleans, LA 70130

      COUNSEL FOR RELATOR/PLAINTIFF

Chris B. Fontenot, Sr.
IDSON, LLC
4977 Lafaye Street
New Orleans, LA 70122

      COUNSEL FOR RESPONDENTS/DEFENDANTS

**WRIT GRANTED; JUDGMENT VACATED AND REMANDED**
**APRIL 4, 2024**

Personal Touch Property Group, LLC ("Relator") seeks review of the trial court's December 18, 2023 judgment, which denied its motion for summary judgment. For the reasons that follow, we grant Relator's writ application, vacate the trial court's judgment overruling Relator's motion for summary judgment, and remand the matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Gilda Marie Jones, Glenda Jones Griffith, Joseph Leo Jones III, Lynelle Jones, the Unopened Succession of Lolita Douglas Jones, and the Unopened Succession of Lystra Jones (collectively "Respondents") acquired the property located at 4708 Lafon Drive, New Orleans, Louisiana 70126 ("the Property") in 2012. Respondents failed to pay the 2016 ad valorem taxes on the Property, and the taxes became delinquent. In 2017, Relator paid the outstanding taxes and acquired tax title to the Property; a tax sale certificate was recorded on June 12, 2017.

Subsequently, on June 30, 2022, Relator filed a petition to quiet tax title ("petition"). Gilda Marie Jones and Glenda Jones Griffith were personally served with the petition. The trial court appointed a curator ad hoc to represent the remaining Respondents, and these Respondents were served with the petition

1

through the court appointed curator. The curator filed an answer to the petition. On August 31, 2023, Relator filed a motion for summary judgment ("motion"). No opposition was filed in response to the motion. The trial court heard the motion on October 26, 2023, and counsel for Relator along with the curator and Joseph Leo Jones appeared in court. At the conclusion of the hearing, the trial court took the matter under advisement. On December 18, 2023, the trial court issued a written judgment denying the motion due to the existence of genuine issues of material fact. This timely writ application for supervisory review followed.

## DISCUSSION

### *Summary Judgment – Standard of Review*

Motions for summary judgment are subject to a *de novo* standard of review, and the burden of proof rests with the mover, but may shift to the opposing party:

> 'Appellate courts review the grant or denial of a motion for summary judgment *de novo*, employing the same criteria that govern a trial court's determination of whether summary judgment is appropriate.' *Maddox v. Howard Hughes Corp.*, 2019-0135, p. 4 (La. App. 4 Cir. 4/17/19), 268 So.3d 333, 337. '[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law.' *Romain v. Brooks Restaurants, Inc.*, 2020-0243, p. 3 (La. App. 4 Cir. 11/18/20), 311 So.3d 428, 431 (quoting La. C.C.P. art 966(A)(3)).

*PCOF Properties, L.L.C. v. Joseph*, 2021-0341, pp. 2-3 (La. App. 4 Cir. 12/1/21), 332 So. 3d 220, 222. On a motion for summary judgment, although the burden of proof rests with the mover, if the mover will not bear the burden of proof at trial, the mover must only point out the absence of factual support for one or more elements essential to the adverse party's claim. *Id.* (citing La. C.C.P. art. 966(D)(1)). At that point, the burden shifts to the adverse party who has the burden to produce factual

2

support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

### *Summary Judgment – Lack of Service*

Louisiana Code of Civil Procedure Article 966 (B)(1) provides that "a motion for summary judgment and all documents in support of the motion shall be filed and *served on all parties* in accordance with Article 1313(A)(4) not less than sixty-five days prior to the trial" (emphasis added). Louisiana Code of Civil Procedure Article 1313 (C) states, in pertinent part, that "if a pleading or order sets a court date, then service shall be made by registered or certified mail or as provided in Article 1314, by actual delivery by a commercial courier, or by emailing the document to the email address designated by counsel or the party."

Given the service requirements to the summary judgment provisions, all parties to the motion were not properly served. The October 13, 2022 order appointing the curator specifically lists certain Respondents that the curator was appointed to represent - Joseph Leo Jones III, Lynelle Jones, the Unopened Succession of Lolita Douglas Jones, and the Unopened Succession of Lystra Jones. However, Gilda Marie Jones and Glenda Jones Griffith are not named in this order, and there is no subsequent order appointing any curator to represent these two Respondents.

Gilda Marie Jones and Glenda Jones Griffith should have been served with the motion, just as they were personally served with the petition. Yet, the record is devoid of any evidence that Gilda Marie Jones and Glenda Jones Griffith were served with the motion. Although the curator was served and appeared in court for the hearing, the curator was not the proper party to receive service on behalf of Gilda

3

Marie Jones and Glenda Jones Griffith. Accordingly, the trial court erred in proceeding with a motion that lacked proper service on all parties.

## CONCLUSION

For the reasons stated above, we grant Relator's writ application, vacate the trial court's judgment overruling Relator's motion for summary judgment, and remand the matter to the trial court for further proceedings.

**WRIT GRANTED; JUDGMENT VACATED AND REMANDED**